RICHARD L. JONES, Retired Justice.
This appeal involves the “ownership” and “notice” requirements under an “additional automobile” provision of an automobile liability policy. That provision reads as follows:
“Insured Autos
[[Image here]]
“(2) An additional four wheel private passenger auto or utility auto you acquire ownership of during the premium period. This auto will be covered if we insure all other private passenger autos or utility autos you own. You must, however, notify us within 60 days of acquiring the auto and pay any additional premium.”
Upon completion of discovery, both parties moved for summary judgment. The trial court denied the motion of James L. Spain, the person claiming to be an insured, and granted the motion of the insurer. Spain appealed. We reverse the judgment and remand the cause.
No lengthy recital of the facts is necessary to demonstrate that the material evidence bearing on the factual issue of notice is in direct conflict — an evidentiary conflict that can be resolved only by the factfinder. For example, both James Spain (the person claiming to be the insured) and his sister, Sarah Spain, testified that they timely reported the accident in question; that they told Allstate claims adjusters that Mr. Spain had been injured while driving a car that he had sold to his sister three days before the accident; and that they told the Allstate adjusters that Ms. Spain was an Allstate insured. Allstate, however, while admitting that it received timely notice of the accident and that it paid the property damage benefits pursuant to a third-party liability coverage, denied being told by either James or Sarah Spain that Allstate was Sarah’s insurer.
Allstate relies on Aetna Casualty & Surety Co. v. Chapman, 240 Ala. 599, 200 So. 425 (1941), a case in which this Court addressed automatic insurance provisions and the requisite “notice” and “ownership” provisions there in issue. Aside from the lack of notice in Chapman, the Chapman Court denied “additional auto” coverage on other grounds, holding that a loaned, substitute automobile did not meet the policy’s “acquired ownership” definition. Unlike the facts of the instant case, the facts upon which the Chapman Court drew its “no coverage” conclusion were not in dispute. Here, the fact of “ownership,” an element necessary for the “additional auto” provision to apply, as well as the fact of notice of “acquiring the auto,” are unresolved factual issues.
Upon trial, only if Allstate prevails on one or both of these factual issues (ownership and notice), thereby bringing the facts of this case in line with the Chapman “lack of ownership” and “no notice” facts, notwithstanding Spain’s proof of the remaining elements of his claim, may the trial court conclude, as a matter of law, as did the Chapman Court, that no coverage existed under the “additional auto” provision of the policy.
In other words, it is premature to conclude, as a matter of law, that the “ownership” and “notice” requirements of the “additional auto” provision have not been complied with. Conversely, the report of the accident, within the 60-day period as required by the “additional auto” provision, standing alone, is not necessarily sufficient to meet the “notice of an additional auto” requirement. However, if the totality of the relevant circumstances relating to “ownership” and notice” furnishes a reasonable inference favorable to Mr. Spain on both of these factual issues, then Spain would have met the prima facie burden of proof for “additional auto” coverage.
Citing case law, as annotated in James L. Isham, Annotation, Construction and Application of “Automatic Insurance” or “Newly Acquired Vehicle” Clause (“Replacement” and “Blanket,” or “Fleet” Provisions) Contained In Automobile Liability Policy, 39 A.L.R.4th 229 (1985), Spain argues, alternatively, that this Court should adopt the general rule to the effect that the notice of the accident giving rise to the “additional auto” claim, given within the notice period, obviates any necessity for the insured to give a separate notice of the acquisition of the “additional auto.”
*377 After carefully reviewing the cases cited in that annotation, we are not convinced that our holding in this case is contrary to the general rule adhered to by the majority of American courts. In each of those cases cited in the annotation, the circumstances were such that the giving of the notice of the accident within the notice period (here, 60 days) necessarily, as a matter of fact, constituted a notice of the insured’s acquisition of a replacement or an additional vehicle as provided by the policy.
Here, the evidence is in conflict on the issue whether the giving of notice of the accident is factually tantamount to the giving of the requisite notice for the “additional auto” coverage. This factual issue, as well as the “fact of ownership” issue, can not be resolved as a matter of law; therefore, the trial court properly denied James Spain’s motion for summary judgment. Applying this same analysis, however, we conclude that the trial judge did err in granting the insurer’s motion for summary judgment.
This opinion was prepared by retired Justice RICHARD L. JONES, sitting as a Justice of this Court pursuant to § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
HOOPER, C.J., and SHORES and KENNEDY, JJ., concur.
MADDOX and BUTTS, JJ., concur in the result.